UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DRYTIME RESTORATION, LLC,<br><br>                Plaintiff,<br>    v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>                Defendant. | CASE NO. 2:23-cv-00952-LK<br><br>ORDER TO FILE AN AMENDED CORPORATE DISCLOSURE STATEMENT |

      This matter comes before the Court sua sponte. Plaintiff DryTime Restoration, LLC's corporate disclosure statement, Dkt. No. 13, does not provide all of the information required under Local Civil Rule 7.1 and necessary for the Court to determine if it has jurisdiction over this matter.

      Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3)

(the district court "must dismiss" an action if it "determines at any time that it lacks subject-matter jurisdiction").

Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to apply, however, there must be complete diversity among the parties, and, as a general rule, if one or more plaintiffs are citizens of the same state as one or more defendants, federal diversity jurisdiction is absent. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996).

DryTime Restoration, LLC is a limited liability corporation, which means it "is a citizen of every state of which its owners/members are citizens" for diversity purposes. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). DryTime Restoration, LLC states that "there are no parent corporations or publicly-held corporations owning more than 10% of its stock," Dkt. No. 13 at 2, but it does not identify the members of DryTime Restoration, LLC. This is insufficient. Local Rule 7.1 requires a party to identify any member of the LLC and for any such member, "list those states in which the . . . members are citizens." *See* LCR 7.1(a)(1), (b); *see also* Fed. R. Civ. P. 7.1(a)(2).[1]

DryTime Restoration, LLC is accordingly ORDERED to file an amended corporate disclosure statement no later than August 2, 2023, complying with Local Civil Rule 7.1 and naming—and identifying the citizenship of—every member of DryTime Restoration, LLC. Failure

//

//

//

---

[1] The allegations in the complaint do not fill in the gaps. Therein, DryTime asserts only that its "members all reside in Clark County, Washington" without specifically identifying them or their citizenship. Dkt. No. 1-1 at 3; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (for purposes of diversity jurisdiction, an individual's state citizenship is determined by one's domicile or permanent home, not state of residence); *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[R]esidency is not equivalent to citizenship.").

ORDER TO FILE AN AMENDED CORPORATE DISCLOSURE STATEMENT - 2

1  to do so may result in sanctions or dismissal for lack of subject matter jurisdiction.

3      Dated this 26th day of July, 2023.

*Lauren King*

Lauren King
United States District Judge